IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD B. HENRY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-12-034 |
| | § | |
| RICK THALER, DIRECTOR, TEXAS | § | |
| DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL | § | |
| INSTITUTIONS  DIVISION, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION GRANTING
RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Before the Magistrate Judge in this proceeding brought pursuant to 28 U.S.C. § 2254 is

Petitioner's Motion for Summary Judgment and Motion for Partial Summary Judgment (Document

Nos. 7 & 14) and Respondent's Motion for Summary Judgment (Document No. 13).  Having

considered the motions, the claims raised by Petitioner in his § 2254 Application, Memorandum of

Law in Support and Supplements thereto (Document Nos. 1, 2, 10-1 and 21), the state court records,

and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that

Respondent's Motion for Summary Judgment (Document No. 13) be GRANTED, that Petitioner's

Motions for Summary Judgment (Document Nos. 7 & 14) be DENIED, and that Petitioner's

Application and Supplemental Application for Writ of Habeas Corpus (Document Nos. 1, 10-1 and

21) be DENIED and DISMISSED.

## I.   <u>Introduction and Procedural History</u>

Richard B. Henry ("Henry") is currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, as a result of a 2011 state jail felony conviction for possession of heroin, in the 174th District Court of Harris County, Texas, cause no. 131036001010. On June 18, 2010, Henry was charged by Information with possession of a controlled substance, heroin, weighing more than one gram and less than four grams, a third degree felony.   The information also alleged, for sentence enhancement purposes, two prior felony convictions.  On June 20, 2011, Henry pled guilty to the reduced charge of possession of a controlled substance, heroin, weighing less than one gram, a state jail felony.  He also pled true to the enhancement allegations in the information.  He was sentenced to two years incarceration.   He did not appeal.

On August 31, 2011, Henry filed a state application for writ of habeas corpus.   That application was denied without written order on November 23, 2011, on the findings of the state trial court without a hearing.  *Ex parte Henry*, Application No. WR-76,711-01.  This § 2254 proceeding, filed by Henry on or about December 28, 2011, followed.

Petitioner has filed a Motion for Partial Summary Judgment (Document No. 7) and a Motion for Summary Judgment (Document No. 14).  Respondent has also filed a Motion for Summary Judgment (Document No. 13).  As the deadline has passed for the filing of any responses to the pending Motions for Summary Judgment, this § 2254 proceeding is ripe for ruling.

## II.   <u>Claims</u>

Henry raises four claims in his § 2254 application and supplemental application:

1.    that his trial counsel was ineffective for: (a) failing to investigate and challenge the enhancement allegations in the information; (b) failing to

investigate and discuss with him the alternatives to incarceration; and (c) failing to investigate and discuss with him the available mental and physical health defenses to the possession charge, including compulsion.

2.     that his two-year sentence is unlawful under Texas law;

3.     that § 508.149(b) of the Texas Government Code is unconstitutionally vague; and

4.     that the Texas Board of Pardons and Paroles improperly ordered the forfeiture of his accrued good conduct time credit.

The first three claims were raised by Henry in his state application for writ of habeas corpus; the fourth claim was not. Respondent seeks dismissal of claim four based on Henry's failure to exhaust his state law remedies. With respect to claims one through three, Respondent argues that because Henry's guilty plea was both knowing and voluntary, those claims were effectively waived with Henry's guilty plea. In addition, Respondent argues that because the Texas Court of Criminal Appeals' rejection of claims one through three was not based on an unreasonable application of clearly established federal law or an unreasonable determination of the facts, no relief is available to Henry on the merits of those claims under § 2254(d).

## III.   <u>Standard of Review</u>

### A.   **Exhaustion**

Federal habeas corpus petitioners are required to exhaust their available state law remedies. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). In order to exhaust state law remedies, Texas prisoners must fairly present their claims to the highest state court, the Texas Court of Criminal Appeals, TEX. CODE CRIM. PROC. ANN. art. 44.45, through a petition for discretionary review and/or a state application for writ of habeas corpus. TEX. R. APP. P. 68; TEX. CODE CRIM. PROC. ANN. art.

3

11.07, et seq. "'It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made.'" *Ex Parte Wilder*, 274 F.3d 255, 259-260 (5th Cir. 2001) (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). Rather, the petitioner must have presented the highest state court with the same claim, the same factual basis for the claim, and the same legal theory in order to meet the exhaustion requirement. *Id.* "[F]leeting reference to the federal constitution," especially when such reference is not accompanied by any federal case law authority, generally does not suffice to "alert and afford a state court the opportunity to address an alleged violation of federal rights," and that "vague references to such expansive concepts as due process and fair trial" in a state court proceeding will not satisfy the exhaustion requirement. *Id.* at 260.

When unexhausted claims are contained in a § 2254 application, and when such claims, if the petitioner tried to exhaust them in state court, "would be barred by the abuse-of-the-writ doctrine of Article 11.071 of the Texas Code of Criminal Procedure," the claims should be dismissed with prejudice as procedurally barred. *Horsley v. Johnson*, 197 F.3d 134, 137 (5th Cir. 1999); *see also Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) ("A procedural default also occurs when a prisoner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'"), *cert. denied*, 523 U.S. 1139 (1998). Only when the petitioner makes a colorable showing that his unexhausted claims would be considered on the merits by the state courts if he attempted to exhaust them, should the claims be dismissed without prejudice. *Horsley,* 197 F.3d at 136-137.

**B.     Merits under § 2254(d)**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when a claim presented in a federal habeas corpus proceeding has already been adjudicated on the merits in a state proceeding, federal review is limited.  28 U.S.C. § 2254(d) provides:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"For purposes of 28 U.S.C. § 2254(d)(1), clearly established law as determined by [the Supreme] Court 'refers to the holdings, as opposed to the dicta, of th[e] Court's decisions as of the time of the relevant state-court decision.'"  *Yarborough v. Alvarado*, 541 U.S. 652, 660-61 (2004) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

"[A] decision by a state court is 'contrary to' [the United States Supreme Court's] clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent.'" *Price v. Vincent*, 538 U.S. 634, 640 (2003) (quoting *Williams*, 529 U.S. at 405-406).  A state court decision involves an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from the Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413.  "State-court decisions are

5

measured against [the Supreme Court's] precedents as of 'the time the state court renders its decision.'" *Cullen v. Pinholster*, ___ U.S. ___, 131 S.Ct. 1388, 1399 (2011) (quoting *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003)).  Similarly, state court decisions are reviewed under § 2254(d) by reference to the facts that were before the state court at the time.  *Id.* ("It would be strange to ask federal courts to analyze whether a state court adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court.").

For factual issues, "the AEDPA precludes federal habeas relief unless the state court's decision on the merits was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" 28 U.S.C. § 2254(d)(2) (2000).  "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 130 S.Ct. 841 849 (2010).  Instead, factual determinations made by state courts carry a presumption of correctness and federal courts on habeas review are bound by them unless there is clear and convincing evidence to the contrary.  28 U.S.C. § 2254(e)(1) (2000).  *Smith v. Cockrell*, 311 F.3d 661, 667 (5th Cir. 2002), *cert. dism'd,* 541 U.S. 913 (2004).

Under § 2254(d), once a federal constitutional claim has been adjudicated by a state court, a federal court cannot conduct an independent review of that claim in a federal habeas corpus proceeding.  *Harrington v. Richter*, ___ U.S. ___, 131 S.Ct. 770, 786-787 (2011).  Rather, it is for the federal court only to determine whether the state court's decision was contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, and whether the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  *Woodford*, 537 U.S. at

27 ("The federal habeas scheme leaves primary responsibility with the state courts for these judgments and authorizes federal-court intervention only when a state-court decision is objectively unreasonable."). This is true regardless of whether the state court rejected the claims summarily, or with a reasoned analysis. *Cullen*, 131 S.Ct. at 1402 ("Section 2254(d) applies even where there has been a summary denial."). Where a claim has been adjudicated on the merits by the state courts, relief is available under § 2254(d) *only* in those situations "where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" Supreme Court precedent. *Richter*, 131 S.Ct. at 786.

Whether a federal habeas court would have, or could have, reached a conclusion contrary to that reached by the state court on an issue is not determinative under § 2254(d). *Id.* ("even a strong case for relief does not mean that the state court's contrary conclusion was unreasonable."). In addition, the correctness of the state court's decision is not determinative. As instructed by the Supreme Court in *Wiggins v. Smith*, 539 U.S. 510, 520 (2003), "[i]n order for a federal court to find a state court's application of our precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. . . . The state court's application must have been 'objectively unreasonable.'" (citations omitted); *see also Price*, 538 U.S. at 641 ( "'[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied [a Supreme Court case] incorrectly. Rather, it is the habeas applicant's burden to show that the state court applied [that case] to the facts of his case in an objectively unreasonable manner.'") (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002)). Moreover, it is the state court's ultimate decision that is to be reviewed for reasonableness, not its reasoning. *Neal v. Puckett*, 286 F.3d 230, 244-46 (5th Cir. 2002), *cert. denied*, 537 U.S. 1104 (2003); *Pondexter v. Dretke*, 346

7

F.3d 142, 148-9 (5th Cir. 2003), *cert. denied*, 541 U.S. 1045 (2004). A habeas petitioner can only overcome § 2254(d)'s bar "by showing that 'there was no reasonable basis'" for the state court's rejection of his claim(s). *Cullen*, 131 S.Ct. at 1402 (quoting *Richter*, 131 S.Ct. at 784)).

### IV.    Discussion – Exhaustion

The fourth claim raised by Henry in this § 2254 proceeding, that the Texas Board of Pardons and Paroles improperly forfeited his good conduct time credits, is a claim that was not raised by Henry in his state application for writ of habeas corpus. It was not raised, and could not have been raised, in that state application for writ of habeas corpus because the alleged forfeiture of Henry's good conduct time credit did not occur until March 26, 2012, after the state application for writ of habeas corpus had already been denied. While Henry makes mention in his second Motion for Summary Judgment (Document No. 14 at 2) that he has another state application for writ of habeas corpus pending, in which claim four was raised, the *pendency* of a subsequent state application for writ of habeas corpus does not satisfy the exhaustion requirement. *Frazier v. Jones*, 466 F.2d 505, (5th Cir. 1972).

Because claim four has not been presented to *and* addressed by the Texas Court of Criminal Appeals, it is unexhausted. In addition, because claim four arose after the Texas Court of Criminal Appeals had denied Henry's first state application for writ of habeas corpus and because that claim is contained in a pending state application for writ of habeas corpus, it cannot be said that the state abuse-of-the-writ doctrine would preclude consideration of the claim. *See* Tex. Code Crim. Proc. Art. 11.071, § 5(a)(1) ("If a subsequent application for a writ of habeas corpus is filed after filing an initial application, a court may not consider the merits of or grant relief based on the subsequent

application unless the application contains sufficient specific facts establishing that: (1) the current claims and issues have not been and could not have been presented previously in a timely initial application or in a previously considered application filed under this article or Article 11.07 because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application"). Claim four is therefore unexhausted, but not procedurally barred, and should be dismissed without prejudice.[1]

## V.    **Discussion – Merits**

Respondent argues that Henry, by virtue of his knowing and voluntary guilty plea, waived the claims he raises in this § 2254 proceeding.

When a defendant pleads guilty, all non-jurisdictional defects and claims are waived. *Rogers v. Maggio*, 714 F.2d 35, 38 (5th Cir. 1983); *United States v. Scruggs*, ___ F.3d ___, 2012 WL 3517367 *8 (5th Cir. 2012) ("A voluntary and unconditional guilty plea waives all non-jurisdictional defects antecedent to the plea.").  Such a waiver includes claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the plea." *Smith v. Estelle*, 711 F.2d 677, 683 (5th Cir. 1983); *Wells v. Thaler*, 460 Fed. Appx. 303, 309 (5th Cir. 2012) ("It is well-established that a valid guilty plea waives all nonjurisdictional defects, including an ineffective assistance of counsel claim, unless the ineffective assistance claim affects the voluntariness of the plea.").

---

[1] While a mixed petition, one containing both exhausted and unexhausted claims, is generally dismissed for failure to exhaust, here, because the claim that has not been exhausted ostensibly arises out of a subsequent parole review proceeding, dismissal of just that claim would not prejudice Petitioner in terms of either the applicable statute of limitations and/or the rules on the filing of successive § 2254 applications.

"By entering a guilty plea, a defendant waives constitutional rights that inhere in a criminal trial, including the right to trial by jury, the protection against self-incrimination, and the right to confront one's accusers." *Florida v. Nixon*, 543 U.S. 175, 187 (2004). The only viable claim that can be raised once a guilty plea is entered is a challenge to the knowing and voluntary nature of the guilty plea itself. *Tollett v. Henderson*, 411 U.S. 258, 266-267 (1973).

Here, Henry does not allege that his guilty plea was unknowing or involuntary. Instead, he faults counsel for failing to investigate the enhancement allegations, the possible defenses to the charges, and the alternatives to incarceration. In addition, he complains about the two year sentence he received, claiming it was not warranted under § 12.35(a)(b) of the Texas Penal Code and Article 42.12 § 15(a) of the Texas Code of Criminal Procedure, and about the vagueness of Section 508.149(b) of the Texas Government Code. As none of these claims challenge the validity of the guilty plea, they are all non-jurisdictional defects that were waived upon Henry's guilty plea.

Moreover, even if Henry's claims could be construed as challenging his guilty plea, the record of the state court proceedings establishes that the guilty plea was both knowing and voluntary. Henry was fully admonished as to the effect of his guilty plea. *Ex parte Henry*, Application No. WR-76,711-01 at 41-45. He was advised of the felony with which he was charged, "PCS 1-4 grams," and advised that the State had moved to reduce the charge to "PCS < 1 gram." *Id.* at 41. He was further admonished about the sentence he faced:

> STATE JAIL FELONY WITH TWO FELONY CONVICTIONS: if a state jail felony punishable under Section 12.35(a) of the Texas Penal Code is enhanced with two previous final felony convictions, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction becoming final, a term of not more than 20 years or less than 2 years in the Texas Department of Criminal Justice and in addition, a fine not to exceed $10,000.00 may be assessed.

*Id.* at 43. Henry acknowledged his understanding of this admonishment with his initials. *Id.* He

10

also acknowledged that he had read all the admonishments, they were explained to him by his attorney, that he was "aware of the consequence of [his] plea," that he was mentally competent to stand trial," and that his plea was "freely and voluntarily made." *Id.* at 45.  Henry also signed a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession,"  in which he admitted the allegations in the information, and agreed with the recommended punishment of "2 yrs TDC." *Id.* at 27.  In that same waiver, Henry's attorney attested to the knowing and voluntary nature of Henry's guilty plea, and the state trial judge found Henry's plea to be both knowing and voluntary. *Id.*

Because the record shows that Henry's guilty plea was both knowing and voluntary, the claims Henry raises in this § 2254 proceeding were waived upon his guilty plea and are subject to dismissal.  Even if that were not so, no relief is available to Henry on the merits of his claims under § 2254(d).

### A.    Ineffectiveness Claims

When a defendant pleads guilty, trial counsel has the duty of ensuring that the defendant's plea is knowingly and voluntarily made.  *United States v. Diaz*, 733 F.2d 371, 375 (5th Cir. 1984); *Hill v. Estelle*, 653 F.2d 202, 206 (5th Cir.), *cert. denied*, 454 U.S. 1036 (1981).  If a petitioner claims that counsel has not discharged this duty, habeas relief is available *only* if the petitioner can establish that counsel's performance in connection with the plea was deficient or incompetent, and that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-9 (1985) (guilty plea); *Carter v. Collins*, 918 F.2d 1198, 1200 (5th Cir. 1990) (nolo contendere plea); *Uresti v. Lynaugh*, 821 F.2d 1099, 1101 (5th Cir. 1987) (guilty plea).

11

Here, as set forth above, Henry does not directly allege that his guilty plea was unknowing or involuntary.  Indeed, the record fully shows that Henry's guilty plea was knowing and voluntary. To the extent Henry's ineffectiveness claims can be construed as relating to his decision to plead guilty, his ineffectiveness claims fail.  In rejecting Henry's ineffectiveness claims, the Texas Court of Criminal Appeals relied on the following findings of fact/conclusions of law of the state trial court:

> 2.     The applicant fails to show that the conduct of counsel fell below an objective standard of reasonableness and that, but for counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (adopting the *Strickland* standard in Texas); *Narvaiz v. State*, 840 S.W.2d 415, 434 (Tex. Crim. App. 1992) (defining the two-part *Strickland* standard).
>
> 3.     The insanity defense is inapplicable in the primary case.  *See* TEX. PENAL CODE § 8.01 (West 2011).
>
> * * *
>
> 5.     The totality of the representation afforded the applicant was sufficient to protect the applicant's right to reasonably effective assistance of counsel.

*Ex parte Henry*, Application No. WR-76,711-01 at 33.  Those findings and conclusions are not based on an unreasonable application of clearly established federal law, as determined by the Supreme Court,  nor are they based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

First, while Henry maintains that his counsel should have investigated and challenged the enhancement allegations in the information, there has been no showing that such a challenge would have been successful.  Henry believes that the prior convictions alleged for enhancement purposes were state jail felonies.  He also believes that because Texas law did not provide for state jail felonies

in 1990, the year of one of his prior convictions, the enhancement allegations were faulty. Henry, however, mis-perceives the contents of the information. Nowhere in the information are the prior convictions characterized as "state jail felonies." Instead, the information only refers to each of the prior convictions as a "felony." *Id.* at 26, 30. As felonies, Henry faced an enhanced punishment on the state jail felony for possession of heroin, less than one gram, to which he pled guilty, of between two and twenty years. *See* TEXAS PENAL CODE § 12.425(b) ("If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felonies other than a state jail felony punishable under Section 12.35(a), and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a felony of the second degree."); TEXAS PENAL CODE § 12.33(a) ("An individual adjudged guilty of a felony of the second degree shall be punished by imprisonment in the Texas Department of Criminal Justice for any term of not more than 20 years or less than 2 years.").

Second, although Henry complains that counsel should have investigated and advised him about possible defenses to the possession charge, such as physical or mental compulsion under § 8.05 of the Texas Penal Code, there has been no showing that there was any viable defense to the charge. Henry admits that he possessed heroin. He claims that his drug addiction "compelled" him to possess the heroin, and that his addiction rendered him unable to form any kind of "intent." Henry has pointed to no Texas case (and there is none) that has allowed for the type of compulsion defense now advocated by Henry. Moreover, there is no evidence in the record to support a mental disease or defect defense, *see* TEXAS PENAL CODE § 8.01(a) ("It is an affirmative defense to prosecution that, at the time of the conduct charged, the actor, as a result of severe mental disease or defect, did not

13

know that his conduct was wrong.") (b) ("The term 'mental disease or defect' does not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct."), or a compulsion defense of the type Henry now contends was available, *see* TEXAS PENAL CODE § 8.05(a) ("It is an affirmative defense to prosecution that the actor engaged in the proscribed conduct because he was compelled to do so by threat of imminent death or serious bodily injury to himself or another.").

Third, while Henry argues that his attorney should have investigated "alternatives" to incarceration, such as drug treatment or community supervision, Henry has not shown that there was any viable alternative to incarceration. Under sections 12.33 and 12.425 of the Texas Penal Code, Henry faced a sentence of between two and twenty years incarceration. Neither section provides for drug treatment or community supervision as an alternative to incarceration.

As the Texas Court of Criminal Appeals' rejection of Henry's ineffectiveness claims is not contrary to or an based on an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, no relief is available to Henry on the merits of his ineffectiveness claims under § 2254(d).

### B.    Improper Sentence Claim

In claim two, Henry maintains that his two year sentence of incarceration is improper under § 12.35(a)(b) of the Texas Penal Code and that he should have been placed on community supervision or probation pursuant to Article 42.12 § 15(a) of the Texas Code of Criminal Procedure.

Claims based solely on state law are not cognizable in a § 2254 proceeding.  "A state prisoner seeking federal review of his conviction pursuant to 28 U.S.C. § 2254 must assert a violation of a federal constitutional right." *Lawrence v. Lensing*, 42 F.3d 255, 258 (5th Cir. 1994).

Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. *Pemberton v. Collins*, 991 F.2d 1218, 1223 (5th Cir.), *cert. denied*, 510 U.S. 1025 (1993). Here, because Henry is complaining about the applicability of Article 42.12 § 15(a) of the Texas Code of Criminal Procedure, his claim presents nothing more than a challenge to state law. Such a state law claim is not cognizable in this § 2254 proceeding.

Moreover, even if the claim was not an exclusive matter of state law, no relief would be available on the merits of the claim. As set forth above, Henry pled guilty to a state jail felony. Based on his two prior felony convictions, the state jail felony was enhanced to a second degree felony, *see* TEXAS PENAL CODE § 12.425(b), which carried a sentence of two to twenty years incarceration, *see* TEXAS PENAL CODE § 12.33(a). Given the enhancement of the state jail felony to a second degree felony, the provision in article 42.12 § 15(a) of the Texas Code of Criminal Procedure, which requires probation or community supervision for certain enumerated state jail felony offenses,[2] did not apply.

_____

[2] Section 15(a) of the Texas Code of Criminal Procedure provides as follows:

On conviction of a state jail felony under Section 481.115(b), 481.1151(b)(1), 481.116(b), 481.1161(b)(3), 481.121(b)(3), or 481.129(g)(1), Health and Safety Code, that is punished under Section 12.35(a), Penal Code, the judge shall suspend the imposition of the sentence and place the defendant on community supervision, unless the defendant has previously been convicted of a felony, other than a felony punished under Section 12.44(a), Penal Code, or unless the conviction resulted from an adjudication of the guilt of a defendant previously placed on deferred adjudication community supervision for the offense, in which event the judge may suspend the imposition of the sentence and place the defendant on community supervision or may order the sentence to be executed. . . .

### C.    Unconstitutional Statute Claim

In his final claim, Henry contends that § 508.149(b) of the Texas Government Code, which gives the Texas Board of Pardons and Paroles the discretionary authority to deny an inmate release onto mandatory supervision, is unconstitutionally vague.  According to Henry, there is no standard by which it can be determined whether an inmate eligible for mandatory supervision release poses a danger to the public and/or whether an inmate's accrued good conduct time is an accurate reflection of the "inmate's potential for rehabilitation."

In *Ex Parte Geiken*, 28 S.W.3d 553, 557 (Tex. Crim. App. 2000), the Texas Court of Criminal Appeals concluded that § 508.149(b) of the Texas Code of Criminal Procedure is not unconstitutionally vague.  Because a federal court is bound by the constructions placed on that statute by state court decisions," *Ferguson v. Estelle*, 718 F.2d 730, 733 n. 5 (5th Cir. 1983), this Court is not in a position to make a contrary determination.


## VI.    Conclusion and Recommendation

Based on the foregoing and the conclusion that Petitioner's claim related to the forfeiture of his good conduct time is unexhausted, and that no relief is available on the merits of Petitioner's other claims under § 2254(d) the Magistrate Judge

RECOMMENDS that Respondent's Motion for Summary Judgment (Document No. 10) be GRANTED, that Petitioner's Motions for Summary Judgment (Document Nos. 7 & 14) be DENIED. The Magistrate Judge further

RECOMMENDS that Petitioner Richard B. Henry's Federal Application for Writ of Habeas Corpus (Document No. 1) and Supplemental Application (Document Nos 10 & 21) be DENIED, that

Petitioner's claim about the forfeiture of his good conduct time being DISMISSED WITHOUT PREJUDICE, and that all other claims be DISMISSED WITH PREJUDICE.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal.  *Thomas v. Arn*, 474 U.S. 140, 144-145 (1985); *Ware v. King*, 694 F.2d 89, 91 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 27th day of September, 2012.

Frances H. Stacy
United States Magistrate Judge